J-S53037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME WILSON, | |
| Appellant | No. 576 WDA 2014 |

Appeal from the PCRA Order February 13, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0004056-2008

BEFORE:  DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 10, 2014**

Appellant, Jerome Wilson, appeals *pro se* from the order of February 13, 2014, which dismissed, without a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

On October 16, 2008, the Commonwealth charged Appellant with one count of possession with intent to deliver a controlled substance (PWID), one count of possession of a controlled substance, and three summary traffic

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although dated February 10, 2014, the order was filed on February 13, 2014.  We have amended the caption accordingly.

offenses.[2] On September 2, 2009, appointed counsel withdrew and Appellant retained new counsel, who filed a motion to suppress on November 20, 2009. The trial court denied the motion on September 15, 2010. On November 22, 2010, a jury found Appellant guilty of PWID and possession of a controlled substance; the trial court later found Appellant not guilty of the summary offenses.

On January 26, 2011, Appellant, acting *pro se*, filed a "Motion Requesting **Grazier**[3] Hearing for Ineffectiveness of Counsel." On February 28, 2011, counsel filed a motion to withdraw. On April 12, 2011, the trial court permitted counsel to withdraw and appointed new counsel for sentencing. On July 18, 2011, the court sentenced Appellant to a term of incarceration of not less than five nor more than ten years.

On August 12, 2011, counsel filed a timely notice of appeal on Appellant's behalf. Despite this, on August 17, 2011, Appellant, acting *pro se*, filed a notice of appeal. On August 30, 2011, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On September 29, 2011, counsel acting on Appellant's behalf filed a concise statement; on January 25, 2012, the trial court issued an opinion. **See** Pa.R.A.P. 1925(a).

_____

[2] 35 P.S. §§ 780-113(a)(30) and (16), and 75 Pa.C.S.A. §§ 1543(A), 3333, and 4303(B), respectively.
[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

On March 8, 2012, this Court remanded the matter to the trial court to conduct a *Grazier* colloquy. Following a June 21, 2012 hearing, on August 17, 2012, the trial court granted Appellant's request to proceed *pro se* on appeal.

On September 28, 2012, this Court granted Appellant's first request for an extension of time to file a brief. On October 12, 2012, this Court granted Appellant's second extension of time to file a brief. On January 9, 2013, this Court denied Appellant's request for a third extension of time to file a brief. Appellant never filed a brief. Accordingly, on February 1, 2013, this Court dismissed the appeal based upon Appellant's failure to file a brief. Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On August 26, 2013, Appellant, acting *pro se*, filed the instant, timely PCRA petition. The same day, the PCRA court appointed counsel to represent Appellant. On December 3, 2013, counsel filed a *Turner*/*Finley*[4] letter. On December 24, 2013, the PCRA court granted counsel's request to withdraw and issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On January 15, 2014, Appellant filed a response to the notice, seeking appointment of new

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel. The PCRA court denied Appellant's petition on February 13, 2014, the instant, timely *pro se* appeal followed.[5]

On appeal, Appellant raises the following questions for our review:

I.      Whether the suppression court failed to suppress evidence where [Appellant] was illegally seized during [the] second round of questioning according to the Fourth an[d] Fifth Amendment[s]?

II.    Whether the suppression court failed to suppress evidence where [Appellant] was questioned beyond the original scope of the stop, according to the Fourth and Fifth Amendment[s]?

III.   Whether the suppression court failed to suppress evidence of a pretextual arrest where [Appellant] was pulled over for a traffic violation and no actions of the detectives [corroborated] said traffic violation?

IV.   Whether the suppression court failed to suppress evidence of consent to search where the Commonwealth [could] not prove [that] consent was given?

V.    Whether the suppression court failed in its due process to prove their case beyond [a] reasonable doubt, according to the Fourteenth Amendment?

VI.   Whether the suppression court[']s failure to provide a statement of finding of fact and conclusion[s] of law should allow Appellant a new trial or vacating the [judgment] of sentence, according to the violation of Appellant[']s due process rights?

_____

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal and did not issue any additional opinion. ***See*** Pa.R.A.P. 1925.

(Appellant's Brief, at 2).

Appellant appeals from the denial of his PCRA petition. Our standard of review is long settled. "Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citations omitted). "The [C]ourt's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa. 2005) (citation omitted).

Further, to be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Here, Appellant raises six issues, all challenging the trial court's denial of his motion to suppress. As we stated above, in order to be eligible for

- 5 -

PCRA relief, a petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2); ***see also Commonwealth v. Ligons***, 971 A.2d 1125, 1137 (Pa. 2009). A claim is waived if "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, **on appeal** or in a prior state post-conviction proceeding." 42 Pa.C.S. § 9544(b) (emphasis added).

The record in the case *sub judice* establishes that Appellant chose to proceed *pro se* on his direct appeal. Further, despite this Court's grant of extensions of time to file a brief, Appellant did not do so and this Court was constrained to dismiss his direct appeal. Appellant should have raised all of the issues herein on direct appeal. Thus, Appellant's suppression hearing claims are waived and he is ineligible for PCRA relief. ***See Ligons***, ***supra***. Accordingly, because Appellant waived all of his PCRA claims, the PCRA court did not err in denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2014